Tyson E. Logan
Sarah A. Kellogg
LOGAN TRIAL LAWYERS, LLC
PO Box 4402
Jackson, WY 83001
307-800-0495 (Jackson) │ 505-572-0055 (Santa Fe)
tyson@logantriallawyers.com
sarah@logantriallawyers.com

Scott M. Schutz
LAW OFFICE OF SCOTT M. SCHUTZ
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
310-990-2859
scott@schutz-law.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| NICHOLAS KLEINFELDT,<br><br>　　*Plaintiff*,<br><br>v.<br><br>CROSSROADS REPAIR, LLC,<br><br>　　*Defendant*. | Case No: _____<br>Eastern Division |

### COMPLAINT & JURY DEMAND

　　On May 2, 2024, Nicholas Kleinfeldt was blown off the top of the tank of his crude truck while loading oil. The truck was equipped with the wrong pressure relief valve, and had a clogged vapor vent, allowing pressure to build beyond the tank's intended tolerance. But the truck didn't have a working pressure gauge, so Mr. Kleinfeldt had no idea pressure was building up. It was like a ticking time bomb — allowing dangerous levels of pressure to build without warning. When

Kleinfeldt went to check whether the tank was full, the manhole cover burst open, knocking him off the top of his truck and spraying a column of crude oil into the air. The manhole burst open because it was not equipped with the required secondary safety stop. Mr. Kleinfeldt suffered a spinal cord injury that left him paralyzed.

The truck had multiple deficiencies — including the wrong pressure relief valve, a clogged vapor vent, a non-functioning pressure gauge, and a non-compliant manhole cover. Crossroads Repair, LLC performed the annual DOT mandated "External Visual Inspection" and "Leak Test" only a few months earlier but failed to note or address any of these dangerous defects. Crossroads also failed to identify these deficiencies when it inspected the truck in 2023. Crossroads should have marked the truck as "unsafe for transport" and taken it out of service. Instead, Crossroads marked the truck as passing inspection. Crossroads had the best chance to keep the dangerous truck off the road but instead it allowed the truck to go back into service, putting workers like Kleinfeldt in danger.

## I.    PARTIES

1. Plaintiff Nicholas ("Nick") Kleinfeldt was terribly injured on May 2, 2024, while working as a crude oil transport driver.

2. Mr. Kleinfeldt was injured while operating a tank truck owned by M&K Oil Company, LLC, with a pup trailer tank behind it. The truck was a 1997 Kenworth Power Unit, VIN Number 1NKWXBEX670185231 (hereinafter "tank truck").

3. Nicholas Kleinfeldt is a citizen of South Dakota.

4. Defendant Crossroads Repair, LLC ("Crossroads") is a North Dakota limited liability company with its principal place of business located at 8060 36th St. SE, Jamestown, North Dakota, 58401.

5. The registered agent for Crossroads is Curtis J Waldie, 8060 36th ST SE, Jamestown, ND, 58401.

6. Crossroads is a registered DOT third-party inspector for cargo tanks, operating under the CT Number 14175.

7. Under the doctrine of *respondeat superior*, Crossroads is liable for the negligence of its employees, agents, and ostensible agents, including but not limited to its certified inspectors: Jacob Rasumssen, Justin Heidt, and Tyler Herman.

8. Upon information and belief, at all times relevant, Justin Heidt was the Tank Inspector Supervisor at Crossroads.

## II.    JURISDICTION

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(1) because this suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over Defendant Crossroads because it is a corporation with its principal place of business in North Dakota. This Court also has general jurisdiction over Defendant Crossroads because it is essentially "at home" in this District.

11. Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(1) because Defendant's principal place of business is in Jamestown, North Dakota.

12. Pursuant to D.N.D. Civ. Rule 3.1 and D.N.D. Gen. L.R. 1.1, the proper division for this case is the Eastern Division, because the principal place of business of Crossroads is in Stutsman County, North Dakota.

13. Pursuant to Wyoming Statute § 27-14-105, a true and accurate copy of this Complaint will be served on the Director of the Wyoming Department of Workforce Services and the Wyoming Attorney General.

### III.   FACTS

**The events of May 2, 2024**

14. On May 2, 2024, Mr. Kleinfeldt was working as a crude oil transport driver, operating the tank truck with a pup trailer tank behind it.

15. Mr. Kleinfeldt was loading oil in Niobrara County, Wyoming at a wellsite operated by Mac Exploration and Production, LLC.

16. Mr. Kleinfeldt pulled the tank truck up along-side the crude oil production tanks at the site around 8:00 AM.

17. He used his gauge line to measure the amount of oil in the production tank.

18. Then, he began pumping crude oil into his truck and pup trailer.

19. The next thing Mr. Kleinfeldt remembers, he was lying in a hospital bed and could not feel his legs.

20. However, evidence gathered at the scene and elsewhere, shows what happened.

21. Around 8:26 AM, Mr. Kleinfeldt texted Kaullen Sundstrom, M & K Oil's Finn Station Manager: "help" and "I can't feel my legs."

22. Between 8:30 AM and 8:35 AM, Mr. Kleinfeldt also texted lease operator Jared Hanson: "need help."

23. Sundstrom contacted Kelly Jones, who headed to the location and alerted M & K Oil's Managing Member, Nathan S. McLeland.

4

24. Sunstrom and McLeland also coordinated with Justin Kolbeck, who was supervising drilling operations at a nearby rig, to have Kolbeck go to the wellsite.

25. Kolbeck was the first person on scene.

26. He found crude oil blanketing the truck and the production tanks. Kleinfeldt was laying on the ground on the passenger side of the truck. The truck was still running.



27. Jones arrived approximately ten minutes later and Kolbeck left to call 911.

28. The rescue helicopter arrived around 10:00 AM.

29. After the helicopter departed, M & K Oil representatives reportedly investigated the scene.

30. They found the gauge line next to the production tank's thief hatch and the hatch was open.

31. They also found the hatch on top of the truck's body tank was open.



32. The hoses had been disconnected, and the pup trailer was fully loaded.

33. The run ticket was in the cab of the truck, but the final gauge amount was not filled in.

**<u>The May 10, 2024 Inspection</u>**

34. A few days later, on May 10, 2024, PSC Custom, LLC inspected the tank truck in Casper, Wyoming.

35. PSC found that the tank truck had the wrong pressure relief valve.

36. The tank had a 36 PSI pressure relief valve, which is intended for tanks with 30 PSI rating — but the tank only had 25 PSI rating.

37. PSC also found that the vapor vent was clogged.

38. Next PSC found that the tank's pressure gauge had a broken needle, that did not move even with 45 PSI of pressure applied. There was no manual pressure release.

**The Cause of Mr. Kleinfeldt's Injuries**

39. Putting all of this together, the incorrect pressure relief valve and the clogged vapor vent, caused the tank to over-pressurize as it filled.

40. The clogged vapor caused the tank to pressurize without filling completely.

41. After filling his tanks, Mr. Kleinfeldt gauged the production tank, and he would have found that he had not loaded the expected amount of oil, so he went to investigate.

42. The truck did not have a manual pressure release — but when Mr. Kleinfeldt looked at the pressure gauge, because of the broken needle, it would have read zero.

43. This would have given Mr. Kleinfeldt the false impression that it was safe to open the hatch, to see if the tank was full.

44. In reality, the tank was still pressurized (or over-pressurized) — but Mr. Kleinfeldt could not have known.

45. When he opened the hatch, the pressure caused it to fly open, releasing a column of crude oil and knocking Mr. Kleinfeldt off the truck.

46. The hatch would not have opened had it been equipped with the required safety stop.

**The Annual DOT Inspections**

47. Cargo tank motor vehicles are required to undergo periodic inspections to make sure they are kept in a safe condition. 49 CFR § 180.407.

48. The inspections must be done by a "Registered Inspector" who has the "knowledge and ability to determine whether a cargo tank conforms to the applicable DOT specification." 49 CFR § 171.8; 49 CFR § 180.409.

49. An "External Visual Inspection" (49 CFR § 180.407(d)) and a "Leak Test" (49 CFR § 180.407(h)) must occur annually.

50. The purpose of these inspections is to make sure the tank is safe.

51. Crossroads, a Registered Inspector, performed an External Visual Inspection and a Leak Test on the truck on January 23, 2024 and January 5, 2023.

52. During the External Visual Inspection, the inspector was required to check all pressure valves for conditions that render the tank unsafe. 49 CFR § 180.407(d).

53. During the External Visual Inspection, the inspector is also required to check "all devices for securing manhole covers." 49 CFR § 180.407(d).

54. Manhole covers must be "fitted with a safety device that prevents the cover from opening fully when internal pressure is present." 49 CFR § 178.345-5.

55. "The inspector must record the results of the external visual examination." 49 CFR § 180.407(d); 49 CRF § 180.417(b). If the tank fails the External Visual Inspection, the inspector must mark it "unsafe for transport" until corrective actions are taken. 49 CFR § 180.417(b).

56. Crossroads' External Visual Inspection failed to identify: (1) the incorrect pressure relief valve; (2) the clogged vapor vent; (3) the non-functional pressure gauge; or (4) the non-compliant manhole cover, which had no safety device to keep it from opening fully.

57. Had any of these defects been identified, Crossroads was required to take the truck out of service, until the condition was repaired.

**Nicholas Kleinfeldt's Injuries**

58. Crossroads' non-compliant inspection ultimately caused catastrophic consequences.

59. Mr. Kleinfeldt was life flighted to Monument Health Rapid City Hospital.

60. He suffered fractures at T10-11 and a corresponding spinal cord injury, leaving him paralyzed, and requiring a fusion of T8-L2.

61. He also suffered a metacarpal fracture and a concussion.

8

62. At the time of his injuries, Mr. Kleinfeldt was only 27 years old.

## IV.   FIRST CLAIM: NEGLIGENCE

63. At all material times, Defendant Crossroads owed Mr. Kleinfeldt a duty to exercise reasonable care under the circumstances.

64. At all material times, Defendant Crossroads also had a duty to inspect the truck as required by the Code of Federal Regulations, including but not limited to 49 CFR Parts 178 and 180.

65. Crossroads breached its duty of reasonable care through its negligent acts and omissions, including but not limited to the following:

  a. Failing to exercise ordinary care under the circumstances;

  b. Failing to conduct an adequate External Visual Inspection or Leak Test in 2023 or 2024;

  c. Failing to identify deficiencies in the truck in 2023 or 2024;

  d. Failing to mark the truck as unsafe for transport; and

  e. Otherwise failing to act reasonably under the circumstances.

66. As a direct and proximate result of Defendant Crossroads' negligent acts and omissions, Mr. Kleinfeldt suffered serious personal injuries that are set forth more fully in the "Damages" section of this Complaint.

## V.   DAMAGES

67. As a direct and proximate cause of Defendant's negligence, Plaintiff Nicholas Kleinfeldt was injured.

68. Plaintiff is entitled to compensation, in an amount to be determined by a jury, for the following damages:

  a. Past and future medical expenses and medical care;

b. Past and future rehabilitation services;

c. Past and future custodial care;

d. Past and future loss of earnings and earning capacity;

e. Past and future loss of income or support;

f. Past and future cost of substitute domestic services or accommodations;

g. Past and future loss of employment or business or employment opportunities and other monetary losses;

h. Past and future pain, suffering, and inconvenience;

i. Past and future physical impairment;

j. Past and future disfigurement;

k. Past and future mental anguish, emotional distress, and fear of injury; and

l. other nonpecuniary damages.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

a) Awarding Plaintiff damages in an amount to be determined at trial;

b) Awarding pre- and post-judgment interest as allowed by law;

c) Awarding costs and fees as allowed by law; and

d) Awarding such other and further relief as the Court deems just and proper.

## VI.     DEMAND FOR JURY TRIAL

Plaintiff by and through counsel hereby request a trial by jury in the above-entitled cause of action, pursuant to Federal Rule of Civil Procedure 38(b).

Dated this 29 day of January, 2026.

      /s/ Sarah A. Kellogg
Tyson E. Logan
Sarah A. Kellogg
LOGAN TRIAL LAWYERS, LLC
PO Box 4402
Jackson, WY 83001
307-800-0495 (Jackson) │ 505-572-0055 (Santa Fe)
tyson@logantriallawyers.com
sarah@logantrialawyers.com

Scott M. Schutz
LAW OFFICE OF SCOTT M. SCHUTZ
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
310-990-2859
scott@schutz-law.com

*Attorneys for Plaintiff*